CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ATS SHIPPING TRANSPORTATION
TRADING INC.,

                Plaintiff,

                v.

WJ GRAIN LTD. also d/b/a WJ GROUP,

                Defendant.
-----------------------------------------------------------------X

08 CV _____

**VERIFIED COMPLAINT**

Plaintiff ATS SHIPPING TRANSPORTATION TRADING INC (hereinafter "ATS") by its attorneys, as and for its Verified Complaint against the Defendant WJ GRAIN LTD. also d/b/a WJ GROUP (hereinafter "WJ GRAIN"), alleges upon information and belief as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

### THE PARTIES

2. At all times material hereto, Plaintiff ATS was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with and office and principal place of business in Turkey.

3. The plaintiff is engaged in business as an owner of ocean-going vessels pursuant to which cargo is transported in exchange for payments of hire or freight.

4. At all times material hereto, Defendant WJ GRAIN was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country or countries with offices at 77 Stefania str., Budapest 1143, Hungary.

5. The Defendant is a charterer of ocean-going vessels.

## FIRST CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

6. On or about June 7, 2007 WJ GRAIN, as charterer, entered into a maritime contract with ATS, as owner, whereby ATS's vessel, the MV OZDEN S, was hired for a one time trip to carry a cargo of sunflower seed oil from Ilyichevsk, Ukraine to Marsailles, France.

7. This contract between ATS and WJ GRAIN is a maritime contract in the form of a Fixture, dated June 7, 2007, and Tanker Voyage Charter Party terms incorporated by reference (hereinafter collectively referred to as the "maritime contract").

8. Pursuant to the terms and conditions of this maritime contract, the parties agreed to, among other things, that the vessel was suitable for the fixture, notwithstanding that the last three cargoes were gasoil; when the cargo would be loaded; a load and a discharge port; and that all disputed arising under this maritime contract would be subject to English law and resolved by arbitration in London.

9. On June 8, 2007, WJ GRAIN improperly cancelled the voyage on the basis that the vessel had previously carried a cargo of gasoil. This cancellation of the maritime contract constituted an unjustified and improper anticipatory repudiation and/or breach of the contract.

10. The notice of this improper cancellation to ATS and breach of contract occurred on a Friday afternoon, making it too late to fix for ATS to fix an alternative cargo for the vessel

until several days later. Even then, ATS was only able to fix its vessel with less than half the cargo that was anticipated in the subject maritime contract. The value of this mitigation voyage was US $97,660.98. The loss of revenue to ATS as a result of WJ GRAIN's improper breach of the maritime contract was US $204,464.55, less agreed commissions and cost savings to ATS.

11.     Moreover, the improper breach of the maritime contract by WJ GRAIN caused the MV OZDEN S to miss a subsequent fixture from Fos-sur-Mer to Thessaloniki. The loss of this fixture resulted in damages to ATS of US $107,831.36, less agreed commissions and cost savings to ATS.

12.     Thus, the total damages stemming from WJ GRAIN's improper breach of the maritime contract, less the amount from the mitigating voyage, is in the amount of US $214,634.93.

13.     Although duly demanded, WJ GRAIN has failed to pay any damages to ATS for the breach of the maritime contract.

14.     As previously indicated above, the maritime contract provides that any disputes arising under said contract are subject to resolution by the arbitration in London, England, and to be determined under English Law, none of which is deemed waived, and, in accordance with the terms of the maritime contract, ATS has already demanded arbitration, nominated an arbitrator and obtained a schedule for the submission of claims in London.

15.     Furthermore, the award of fees and costs is allowed under English law and is regularly awarded in London arbitration regarding maritime matters such as the subject dispute. The estimated allowable fees and costs for the arbitration of ATS' claim against WJ GRAIN is approximately US $300,000.

## PRAYER FOR RELIEF

16.  Notwithstanding the fact that the liability of WJ GRAIN is subject to a determination by an arbitration panel in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, hire payments, monies, charter hire, credits, effects, CHIPS credits, electronic fund transfers, payments for bunkers, goods or services, bills of lading, cargo, debts and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

17.  Plaintiff believes that some of these assets, in bank accounts and/or as funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO Bank, American Express Bank, Ltd., Bank of America, Bank of New York, Citibank NA, CommerzBank AG, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Standard Chartered Bank, UBS AG, Wachovia Bank, CHIPS, and possibly other banks or financial institutions located in New York.

18.  As set forth in the accompanying declaration of Timothy Semenoro, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

19.  Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain

security for its claims against the Defendant and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

20. In addition to an attachment in the full amount of the claim as set forth above, Plaintiff also seeks an attachment over an additional sum to cover awardable attorneys' fees and costs which are recoverable pursuant to English law in the London arbitration.

21. Plaintiff's aggregate claim against the Defendant amounts to US $514,634.19 which is comprised of the underlying claim of US $214.634.19 for damages plus estimated awardable interest, costs, and fees.

WHEREFORE, Plaintiff prays as follows:

A. That the Defendant be summoned to appear and answer this Verified Complaint;

B. That the Defendant not being found within this District, as set forth in the Declaration of Timothy Semenoro, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, i.e. US $514,634.19, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D. That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
       January 23, 2008

                                      CHALOS, O'CONNOR & DUFFY, LLP
                                      Attorneys for Plaintiff

                  By:   _____
                                      Eugene J. O'Connor (EO-9925)
                                      Timothy Semenoro (TS-6847)
                                      366 Main Street
                                      Port Washington, New York 11050
                                      Tel:  (516) 767-3600 / Fax:  (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ATS SHIPPING TRANSPORTATION
TRADING INC.,

                           Plaintiff,

                           08 CV _____

     v.

WJ GRAIN LTD. also d/b/a WJ GROUP,    **VERIFICATION OF COMPLAINT**

                         Defendant.
-----------------------------------------------------------------X

       Pursuant to 28 U.S.C. § 1746, TIMOTHY SEMENORO, Esq., declares under the penalty of perjury:

       1.    I am associated with the law firm of Chalos, O'Connor & Duffy, attorneys for the Plaintiff ATS SHIPPING TRANSPORTATION TRADING INC. herein;

       2.    I have read the foregoing complaint and knows the contents thereof; and

       3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its underwriters and attorneys. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
January 23, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff

By: _____
Timothy Semenoro (TS-6847)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605

2